**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TERRANCE CRAIG, | ) | CASE NO. 4:21-CV-1406 |
| | ) | |
| Petitioner, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | MAGISTRATE JUDGE |
| | ) | JENNIFER DOWDELL ARMSTRONG |
| WARDEN, MICHAEL SWARTZ,[1] | ) | |
| | ) | **OPINION AND ORDER ADOPTING** |
| Respondent. | ) | **MAGISTRATE'S REPORT AND** |
| | ) | **RECOMMENDATION** |

On July 21, 2021, Petitioner filed a petition for writ of habeas corpus. (ECF No. 1). On March 28, 2024, Magistrate Judge Jennifer Dowdell Armstrong submitted a Report & Recommendation ("R&R") recommending that the Court deny the petition in its entirety and not issue a certificate of appealability. (ECF No. 10). The Magistrate Judge recommended that ground one be dismissed and/or denied as non-cognizable and meritless. *(Id*. at PageID #960–69*)*. She recommended that ground two be dismissed and/or denied as procedurally defaulted and meritless. (*Id*. at PageID #969).

Fed. R. Civ. P. (72)(b)(2) provides that parties may object to an R&R within fourteen (14) days after service. On April 4, 2024, Petitioner filed an unopposed motion to extend the objections deadline to May 28, 2024. (ECF No. 12). The Court granted the motion on April 4, 2024. (Order [non-document] dated 04/04/2024). Petitioner objected to the R&R on May 23, 2024. (ECF No. 13). Respondent did not file a response to Petitioner's objections. A district court must conduct

---

[1] Ronald Erdos was the warden of the Toledo Correctional Institution when Mr. Craig filed his petition, and Michael Swartz is now warden. *See* https://drc.ohio.gov/about/facilities/toledo-correctional/toledo-correctional (last visited Sept. 20, 2024). Thus, Warden Michael Swartz should be substituted as the proper respondent in this case. *See* 28 U.S.C. § 2243; Fed. R. Civ. P. 25(d).

1

a *de novo* review of the portions of the R&R to which the parties objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

Petitioner objects solely to the Magistrate Judge's analysis of the first claim for relief and the certificate of appealability. (ECF No. 13, PageID #985). Petitioner argues that the Magistrate Judge erred in concluding that the first claim for relief was based upon a state evidentiary ruling rather than a violation of the Confrontation Clause under the federal constitution. (*Id*. at PageID #989). Petitioner also challenges the recommendation that the Court deny a certificate of appealability, because he believes he has advanced a claim that is worthy of review by the Sixth Circuit. (*Id*. at PageID #991).

### I. First Objection- Evidentiary Ruling

In Petitioner's first objection, he asserts that the Magistrate Judge erred by focusing only on the evidentiary ruling as to the excited utterance exception to the state hearsay rule. (ECF No. 13, PageID #989). He argues that the Magistrate Judge "ignored that the violation of the Confrontation Clause is one that is so deeply rooted in our system of justice that its violation is the type contemplated in *Crawford* and *Walker*." (*Id*. at PageID #990). However, his objection overlooks the Magistrate Judge's thorough analysis of whether the admission of Ms. Williams's statements violated the Confrontation Clause. (ECF No. 10, PageID #960–69). Thus, the error asserted—that the Magistrate Judge solely focused on the application of the state excited utterance exception, misrepresents the contents of the R&R.

The R&R first addresses the cognizability of Petitioner's claim and limits that section by stating, "[t]o the extent that Mr. Craig argues that the trial court's admission of Ms. Williams' statements to the police violated state evidentiary law, he fails to raise a federally cognizable claim." (*Id*. at PageID #958). The Court agrees. *See Bey v. Bagley*, 500 F.3d 514, 519 (6th Cir.

2007) ("[E]rrors in application of state law, especially with regard to the admissibility of evidence, are usually not cognizable in federal habeas corpus."); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988) ("[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure.").

In the next section, the R&R discusses the merits of the first claim for relief as far as they asserted a violation of the Confrontation Clause. (*Id*. at PageID #960–69). Nothing in Petitioner's objection challenges the portion of the R&R that analyzes the Confrontation Clause issue as to the admitted statements from Ms. Williams. Thus, there is no articulated, cognizable error for the Court to review in the first objection.

## II. Second Objection- Certificate of Appealability

Petitioner's second objection requests that the Court issue a certificate of appealability. (ECF No. 13, PageID #990–91). Petitioner premises this objection upon the improper application of hearsay exceptions. (*Id.*). However, as Petitioner correctly identified, the Court may only issue a certificate of appealability if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court concurs with the Magistrate Judge's finding that the Petitioner has not made this showing. Thus, no certificate of appealability will issue in this case.

## III. Conclusion

The Court **ADOPTS** the Magistrate Judge's R&R, incorporates it fully herein by reference, and **DISMISSES** and **DENIES** the petition as non-cognizable, meritless, and procedurally defaulted. The Court also finds that there is no basis upon which to issue, and will not issue, a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

**IT IS SO ORDERED.**

Date: September 24, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**